**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

Jeffrey A. Apperson, Clerk

AUG 2 2 2006

U. S. DISTRICT COURT
WEST'N DIST. KENTUCKY

**CRIMINAL ACTION NO. 06-22-C**

**UNITED STATES OF AMERICA,**                                    **PLAINTIFF,**

**V.**                                    **JURY INSTRUCTIONS**

**MICHAEL D. POINTS,**                                    **DEFENDANT.**


\* \* \* \* \* \* \* \* \* \* \*

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## INSTRUCTION NO. 1

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in Court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

INSTRUCTION NO. 2

As you know, the defendant has pleaded not guilty to the crime charged in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in Court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty

beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## INSTRUCTION NO. 3

You must make your decision based only on the evidence that you saw and heard here in Court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of Court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way. Make your decision based only on the evidence, as I have defined it here, and nothing else.

INSTRUCTION NO. 4

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

INSTRUCTION NO. 5

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

INSTRUCTION NO. 6

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you took notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

INSTRUCTION NO. 7

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)     Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C)     Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)  Ask yourself if the witness testified inconsistently while on the witness stand,

or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)  And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

INSTRUCTION NO. 8

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

INSTRUCTION NO. 9

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in Court.

## INSTRUCTION NO. 10

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crime charged in the Indictment. Your job is limited to deciding whether the government has proved the crime charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved the defendant guilty. Do not let the possible guilt of others influence your decision in any way.

## INSTRUCTION NO. 11

Next, I want to say a word about the dates mentioned in the Indictment.

The Indictment charges that the crime happened "on or about" July 27, 2005.

The government does not have to prove that the crime happened on that exact date.

But the government must prove that the crime happened reasonably close to that date.

## INSTRUCTION NO. 12

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

INSTRUCTION NO. 13

The Indictment accuses the defendant of possession with intent to distribute five grams or more of a mixture or substance containing cocaine base, commonly known as crack cocaine, on or about July 27, 2005, in violation of federal law. Title 21, United States Code, Section 841(a)(1) makes it a crime to knowingly or intentionally possess with intent to distribute a controlled substance.  Cocaine base is a controlled substance.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

A.      First, that the defendant did knowingly possess five grams or more of a mixture or substance containing cocaine base, commonly known as crack cocaine.

B.      Second, that the defendant possessed the mixture or substance containing cocaine base, commonly known as crack cocaine, with the intent to distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

The term "possession" is defined in Instructions 15 and 16. The defendant does not have to own the crack cocaine in order to possess the crack cocaine.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 14

The law permits the jury to determine the guilt or innocence of the defendant for any crime that is necessarily included within the offense of possession with intent to distribute as charged in the indictment.

If you find the defendant "not guilty" of the crime of possession with intent to distribute a controlled substance, then you should go on to consider whether the government has proved the guilt of the defendant for the lesser charge of possession of that controlled substance.

Title 21, United States Code, Section 844(a) makes it a crime to knowingly or intentionally possess a controlled substance unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner while acting in the course of his professional practice.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

A.     First, that the defendant did knowingly or intentionally possess a mixture or substance containing cocaine base, the controlled substance described in the Indictment.

B.     Second, that the defendant knew the substance was cocaine base.

C.     Third, that at the time and place of such possession the defendant did not possess the controlled substance pursuant to a valid prescription or order.

The term "possession" is defined in Instructions 15 and 16. The defendant does not have to own the crack cocaine in order to possess the crack cocaine.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this lesser included charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this lesser included charge.

INSTRUCTION NO. 15

Next, I want to explain something about possession. The government does not necessarily have to prove that the defendant physically possessed the item in question (that is, the crack cocaine) for you to find him guilty of this crime. The law recognizes two kinds of possession – actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the defendant had direct, physical control over the item in question (that is, the crack cocaine) and knew that he had control of it.

To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the item in question (that is, the crack cocaine), and knew that he had this right, and that he intended to exercise physical control over the item in question (that is, the crack cocaine) at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up or to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the crack cocaine, and knew that he did, for you to find him guilty of this crime. This, of course, is for all of you to decide.

INSTRUCTION NO. 16

One more thing about possession. The government does not have to prove that the defendant was the only one who had possession of the item in question (that is, the crack cocaine).  Two or more people can together share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned.

But remember that just being present with others who had possession is not enough to convict. The government must prove that the defendant had either actual or constructive possession of the item in question (that is, the crack cocaine), and knew that he did, for you to find him guilty of this crime. This, again, is all for you to decide.

## INSTRUCTION NO. 17

That concludes the part of my instructions explaining the elements of the crime.

Next I will explain some rules that you must use in considering some of the testimony

and evidence.

INSTRUCTION NO. 18

A defendant has an absolute right not to testify or present any evidence. The fact that he did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt.  It is not up to the defendant to prove that he is innocent.

INSTRUCTION NO. 19

You have heard the testimony of Ryan Nichols as an expert witness.  An expert witness has special knowledge or experience that allows the witness to give an opinion.

You do not have to accept an expert's opinion.  In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

INSTRUCTION NO. 20

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in Court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

INSTRUCTION NO. 21

Remember that you must make your decision based only on the evidence that you saw and heard here in Court. Do not try to gather any information about the case on your own while you are deliberating.

For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case.

Make your decision based only on the evidence that you saw and heard here in Court.

## INSTRUCTION NO. 22

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

INSTRUCTION NO. 23

The defendant is charged with possession of a controlled substance with the intent to distribute it. If you find the defendant guilty of this charge, or the lesser included charge of possession of a controlled substance, you will then be asked to determine the quantity of the controlled substance involved in the offense. You will be provided with a special line on the verdict form for this purpose.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that the offense involved a quantity of at least five grams of a mixture or substance containing a detectable amount of cocaine base, then please indicate this finding in the special line on the verdict form.

If you do not so find, you do not need to indicate the exact quantity of the controlled substance involved in the offense.

In determining the quantity of the controlled substance involved in the offense, you need not find that the defendant knew the quantity involved in the offense.

## INSTRUCTION NO. 24

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that -- your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

INSTRUCTION NO. 25

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

INSTRUCTION NO. 26

I have prepared a verdict form that you should use to record your verdict.

If you decide that the government has proved the charges against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charges against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

## INSTRUCTION NO. 27

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CRIMINAL ACTION NO. 06-22-C

UNITED STATES OF AMERICA,                                        PLAINTIFF,

V.                                    **V E R D I C T**

MICHAEL D. POINTS,                                              DEFENDANT.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## POSSESSION WITH INTENT TO DISTRIBUTE

**Finding No. 1.** We, the Jury, find the defendant, MICHAEL D. POINTS, as to the

charge that he possessed cocaine base (commonly known as crack cocaine) with

the intent to distribute it:

_____ GUILTY                       _____ NOT GUILTY

**IF YOU FOUND THE DEFENDANT "GUILTY" OF POSSESSION OF COCAINE BASE
(COMMONLY KNOWN AS CRACK COCAINE) WITH INTENT TO DISTRIBUTE,
PROCEED TO "FINDING NO. 2," BELOW, AND DO NOT SUBMIT A FINDING AS TO
THE LESSER INCLUDED CHARGE OF POSSESSION OF A CONTROLLED
SUBSTANCE.  IF YOU FOUND THE DEFENDANT "NOT GUILTY" OF POSSESSION
OF COCAINE BASE (COMMONLY KNOWN AS CRACK COCAINE) WITH INTENT
TO DISTRIBUTE, INDICATE YOUR FINDING AS TO THE LESSER INCLUDED
OFFENSE OF POSSESSION OF A CONTROLLED SUBSTANCE AT "FINDING NO.
3," BELOW.**

**Finding No. 2.** As to the charge of possession with intent to distribute, we, the Jury,

find that the amount of a mixture or substance containing cocaine base, commonly

known as crack cocaine, was five grams or more:

_____ YES                          _____ NO

**POSSESSION:**

**Finding No. 3.** We, the Jury, find the defendant, MICHAEL D. POINTS, as to the

lesser included charge of possession of a controlled substance:

_____ GUILTY                    _____ NOT GUILTY

**IF YOU FOUND THE DEFENDANT "GUILTY" OF THE LESSER INCLUDED CHARGE OF POSSESSION OF A CONTROLLED SUBSTANCE, PROCEED TO "FINDING NO. 4," BELOW.  IF YOU FOUND THE DEFENDANT "NOT GUILTY" OF THE LESSER INCLUDED CHARGE OF POSSESSION OF A CONTROLLED SUBSTANCE, PROCEED NO FURTHER AND INFORM THE OFFICER THAT YOU HAVE REACHED A DECISION.**

**Finding No. 4.** As to possession with a controlled substance, we, the Jury, find that

the amount of a mixture or substance containing cocaine base, commonly known as

crack cocaine, was five grams or more:

_____ YES                    _____ NO

**PROCEED NO FURTHER AND INFORM THE OFFICER THAT YOU HAVE REACHED A DECISION.**

_____
FOREPERSON

_____
DATE